\* JOHN L. OREBAUGH v. STATE OF OHIO.

CHARGING EMBEZZLEMENT BY AGENT WITH PROOF OF OFFENSE BY ATTORNEY AT LAW, A VARIANCE.

The capacity in which money or other thing is embezzled is of the essence of the offense and must be proved as charged in the indictment, and the accused is not required to meet a different charge constituting an offense under the same statute; hence, a charge of embezzlement "as agent" under Sec. 6842 Rev. Stat. with proof that accused received the money wrongfully converted, as an "attorney at law" constitutes a variance.

\*Reversed, no op., *State* v. *Orebaugh*, 82 O. S. 418.

Orebaugh v. State.

ERROR to Hamilton common pleas court.

**Ulric Sloane** and **Otto Krippendorf,** for plaintiff in error.
**A. C. Fricke** and **Coleman Avery,** for defendant in error.

**GIFFEN, J.**

The plaintiff in error was indicted under Sec. 6842 Rev. Stat. for embezzlement as agent, whereas the proof showed his employment as attorney at law, and the receipt of the money in that capacity. A motion was made at the conclusion of the evidence to instruct the jury to return a verdict for the accused on the ground of such variance.

In charging an offense in an indictment, the language of the statute defining the crime or its equivalent, which plainly and necessarily includes it, must be used, and it has accordingly been held in *Hagar* v. *State,* 35 Ohio St. 268:

"An indictment charging that the prisoner broke into a *storeroom,* is insufficient, under a statute making it an offense to break into a 'storehouse'; and the defect is available to him, although the objection was not made until the verdict had been rendered."

An attorney at law is not necessarily an agent within the ordinary meaning of the term, and the distinction is shown by McIlvaine, J., in *Campbell* v. *State,* 35 Ohio St. 70, 75:

"The controlling difference between the relation of attorneys, auctioneers, warehousemen, etc., with their employers, and the defendant with the employer, is this: The former engage in an independent employment, subject only to the usages of their different lines of business, while the latter was subject to the direction and control of his employer. And while the former may not be subject to the penalties of this statute, the latter is clearly embraced within its terms and meaning."

In that case the defendant was charged as agent with embezzlement under a statute that did not include attorney at law, but which was so amended in 1881 (78 O. L. 186).

The Supreme Court having recognized the distinction between an agent and an attorney at law under a statute defining embezzlement, and the legislature having since amended the statute so as to make it an offense for an attorney at law to convert to his own use anything of value which shall come into his possession by virtue of his employment as such attorney at law, the decisions in other states are not controlling, and especially when they are far from uniform.

The statute now includes guardian, executor, administrator and assignee in insolvency, all of whom act in a representative capacity, yet it will hardly be claimed that proof of conversion of money in either

capacity will sustain an indictment for such conversion as agent. The capacity in which the money or other thing of value is received and appropriated is of the essence of the offense, which must be proved as charged in the indictment, and the defendant is not required to meet a different charge although, if properly laid, constituting an offense under the statute. We are of opinion that the variance between the statement in the indictment and the evidence offered in the proof thereof was material to the merits of the case and prejudicial to the defendant. That the decision of the trial judge upon this question may be reversed if erroneous is expressly held in *State* v. *Buechler*, 57 Ohio St. 95 [48 N. E. Rep. 507].

Judgment reversed and prisoner discharged.

**Smith** and **Swing, JJ.**, concur.